FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

TAMMY R. GANZEVOORT,          )
                             )
    Plaintiff-Appellant,      )   Sumner Circuit
                             )
v.                           )   Hon. Thomas Goodall, Judge
                             )
RICHARD B. RUSSELL,          )   S. Ct. No. 01S01-9602-CV-00040
MARTHA T. RUSSELL, AND        )
JIM CASSETTY d/b/a JIM        )
CASSETTY REALTY,             )
                             )
    Defendants-Appellees.     )

**FILED**

**August 25, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

ORDER ON PETITION TO REHEAR

The plaintiff-appellant has filed a petition to rehear; the Attorney General, on behalf of the State, seeks permission to join in the petition and file an amicus brief, which applications are granted.

The petitioner takes issue first with the essential premise of the Court's decision, that the standards for determining an unfair or deceptive act under the catchall provision of the Act[1] are flexible and can be defined with particularity only in the context of the "myriad of cases from the field of business." Supra at _____. [Slip Op. p. 19.]

---

[1] T.C.A. § 47-18-104(b)(27) ("Engaging in any other act or practice which is deceptive to the consumer or to any other person.").

The Tennessee Legislature did not define "unfair" and "deceptive" in the Consumer Protection Act.[2]  Where a particular act or practice has not been specifically addressed in the statute,  the definition of those terms are left to the courts on a case by case basis.  See Jeffrey L. Reed, The Tennessee Consumer Protection Act: An Overview, 58 Tenn. L. Rev. 455, 460 (1991). The conclusion that the same definition does not apply in every case is consistent with the varying provisions of the Act defining unfair and deceptive acts in particular situations.  Tenn. Code Ann. § 47-18-104(b)(1-26) and (28-30).  A review of these provisions shows that though in most situations actionable fault is not a prerequisite to liability, in others, knowledge is a prerequisite, and in still others, intent to deceive is the standard.  Consequently, the petitioner's second contention, that under the Act proof of deception is never dependent upon evidence of intent or knowledge, is contrary to the plain language of the Act.

The Court's opinion in this case defines the standard applicable to this case and other similar cases in which the general deterioration and non-apparent defects incident to the nature and age of the property being sold ordinarily are reflected in the purchase price, and in which the purchaser is given all the information regarding the condition of the property known by the person charged and not apparent to the purchaser.  The acts of the

---

[2]Nor did congress define those terms in the Federal Trade Commission Act, on which the Tennessee act is patterned.

realtor in this case were not deceptive or unfair.

The Court, therefore, rejects the petitioner's contention that the Act establishes a single standard applicable in all cases for determining an unfair or deceptive act or practice. The Court affirms the standard set forth in the opinion as being the appropriate standard for this case and similar cases.

The petition to rehear is denied.

Costs are taxed to the petitioner.

_____
Reid, J.

Concur:

Drowota and Birch, JJ.